FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 SEP 26 P 3:51

CLERK
SO. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SEVERO DELATORRE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 112-108 |
| | ) | (Formerly CR 105-047) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 4). In the R&R, the Magistrate Judge recommended that Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence be dismissed as time-barred. (Doc. no. 2.)

In his objections, Petitioner contends, for the first time, that the limitation period for his § 2255 motion should be equitably tolled because he relied on another inmate to file his motion and the inmate failed to do so. (Doc. no. 4, p. 2.) As noted by the Magistrate Judge (see doc. no. 2, pp. 4-5), however, the petitioner bears the burden of proving his entitlement to equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), and must "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Here, Petitioner fails to show that he pursued his rights diligently, let alone that an extraordinary circumstance prevented him from timely filing. Instead, Petitioner offers nothing more than vague allegations that "[t]his other inmate [in] whom trust was put forth [] never filed the papers that he assured he would and only returned papers after it was to[o] late to file," and that Petitioner has now "persued [sic] his filing diligently." (Doc. no. 4, p. 2.) Petitioner does not state with any specificity when he gave the motion to the other inmate to file or when the other inmate returned the motion, nor does he even name the other inmate. These imprecise, conclusory allegations, which Petitioner raises for the first time upon receiving an unfavorable analysis in the R&R, are insufficient to satisfy his burden of showing that he is entitled to the benefit of equitable tolling.

For these reasons, Petitioner has failed to show that equitable tolling is appropriate in this case. Petitioner's remaining objections are likewise without merit and provide no basis for departing from the Magistrate Judge's recommendation. As a result, Petitioner's objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, the instant motion filed pursuant to § 2255 petition is **DISMISSED** as time-barred.

Furthermore, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in

consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, this civil action is **CLOSED**.

SO ORDERED this 26 day of September, 2012, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.